*425 MEMORANDUM *
S.J., a minor with learning disabilities, and Ms parents (sometimes referred to collectively as “S.J.”) filed this action challenging the education programs S.J. was offered by the Issaquah School District (“District”). The district court found that the order by the Administrative Law Judge (“ALJ”) was thorough and careful, and affirmed the ALJ’s decision. On appeal, S.J. challenges the ALJ’s determinations that (a) the 2002 Individualized Education Program (“IEP”) was adequate, (b) S.J. was not entitled to reimbursement for the 2002-2003 school year, (c) S.J. had failed to show that the provision allowing the District to administer his medication violated any of his rights, and (d) the March 2004 IEP meeting cured the procedural defect in the prior IEPs and provided S.J. a Free and Appropriate Public Education (“FAPE”). S.J. also challenges the district court’s order awarding him only partial attorney’s fees for the administrative proceedings. Because S.J. has not demonstrated that the ALJ or the district court erred in their findings of fact or their interpretations of the law, we affirm.[1]
I
The Individuals with Disabilities Act (“IDEA”), 20 U.S.C. §§ 1400-1482, assures that all disabled children receive a FAPE through IEPs. 20 U.S.C. § 1400(d)(1)(A). Under the IDEA, a FAPE is guaranteed, in part, by certain procedural safeguards for the disabled child and his or her parents. 20 U.S.C. § 1415(a); L.M. v. Capistrano Unified Sch. Dist., 556 F.3d 900, 909 (9th Cir.2009). However, “[procedural flaws in the IEP process do not always amount to the denial of a FAPE.” Id. (citing W.G. v. Bd. ofTrs. of Target Range Seh. Dist., No. 23, 960 F.2d 1479, 1484 (9th Cir.1992)). Rather, once a court finds a procedural violation of the IDEA, it “must determine whether that violation affected the substantive rights of the parent or child.”[2] Id.
The appropriateness of a special education placement under the IDEA is reviewed de novo, and the student “bear[s] the burden of proving that the state educational agency did not comply with the IDEA.” Poolaw v. Bishop, 67 F.3d 830, 833 (9th Cir.1995). We review findings of fact for clear error, and mixed questions of fact and law de novo, unless the question is primarily factual. R.B. ex rel. F.B. v. Napa Valley Unified Sch. Dist., 496 F.3d 932, 937 (9th Cir.2007). We have noted, however, that “the fact-intensive nature of a special education eligibility determination coupled with considerations of judicial economy render a more deferential ap *426 proach appropriate.” Id. at 937 n. 1 (quoting Hood v. Encinitas Union Sch. Dist., 486 F.3d 1099, 1104 n. 4 (9th Cir.2007)). In L.M., we reiterated that a court “shall accord more deference to an administrative agency findings that it considers ‘thorough and careful.’ ” L.M., 556 F.3d at 908 (quoting Capistrano Unified Sch. Dist. v. Wartenberg, 59 F.3d 884, 892 (9th Cir.1995)).
II
S.J.’s first substantive argument on appeal is that the January 2002 IEP did not provide him a FAPE because the pages that should have included “a statement of supplementary aids and services and a statement of program modifications or supports for school personnel” were left blank. Even assuming that the District may be held responsible for the blank pages in the January 2002 IEP despite the failure of S.J.’s mother to provide input or to object, here there was no prejudice. S.J.’s prior IEPs prepared by the District included the requisite statements and S.J.’s teachers could refer to those statements. Furthermore, S.J. has not suggested what accommodations or modifications might have been included and the record fails to show that the lack of specified accommodations or modifications in the January 2002 IEP had any adverse effect on S.J. Accordingly, we concur in the ALJ’s determination that the January 2002 IEP provided S.J. a FAPE.
S.J.’s second argument on appeal is that he should have been reimbursed for his private placement for the 2002-2003 school year because the District failed to prepare a timely IEP. S.J. recognizes that he did not give the District the required ten days notice, but argues that this does not relieve the District of its responsibility to prepare an IEP. Accepting that the parents’ failure to give notice may not excuse a school district’s failure to prepare an IEP, we nonetheless find that the record does not support S.J.’s request for relief. S.J. did not give the District the requisite notice of his intended private placement, he did not provide the District with an opportunity to address his objections to his IEP prior to his private placement, and he delayed the IEP meeting. For these reasons, we concur in the ALJ’s determination that S.J. is not entitled to reimbursement for the 2002-2003 school year.
S.J.’s third assertion is that the provision of the January 2002 Behavior Plan that allowed the school to administer his medication violated his rights under the United States Constitution, the Washington Constitution, and the IDEA. S.J.’s position is not persuasive. There is no evidence that S.J. or his parents opposed having the District administer his medications. S.J.’s prescription pre-dated the January 2002 Behavior Plan. S.J.’s parents admitted that they were having difficulty getting him to take the medication, opined that his failure to take his medication contributed to his explosive behavior, and agreed that the District should administer the medication. Further, S.J.’s parents obtained S.J.’s doctor’s permission for the school to administer the medication, and they facilitated the school’s continued administration of the medication after the doctor adjusted the dosage. S.J. has not directed us to any then existent applicable federal statute,[3] nor to any case law that *427 supports his claim of a constitutional violation.[4] Moreover, the applicable Washington statutes, Washington Revised Codes §§ 28A.210.260 and 28A.210.270, appear to authorize the challenged provision of the 2002 Behavior Plan and grant the District immunity from liability for its good faith enforcement of the provision.
S.J.’s final substantive argument is that the March IEP meeting did not cure the defect in the prior IEPs. The ALJ found that the prior IEPs were defective because they were developed without input from the private school S.J. attended, but that participation of personnel from the private school in the March 2004 IEP meeting cured this defect. S.J. disagrees with the ALJ, arguing that the participation of personnel from the private school was meaningless because their participation did not result in any changes to the District’s proposed IEP.
S.J.’s argument is not persuasive because he has not demonstrated any harm to his or his parents’ substantive rights. See L.M., 556 F.3d at 909. First, there is no indication that the S.J.’s parents did not have as much input into the IEP as they wanted. Second, the District was not required to accede to the S.J.’s parents’ demands. See Ms. S. ex rel. G. v. Vashon Island Sch. Dist., 337 F.3d 1115, 1131-32 (9th Cir.2003) (holding that while a school district must allow for “meaningful parental participation,” the parent does not have a veto power over any provision of the IEP). Third, S.J. has not identified any substantive deficit in the IEP. S.J. wanted the District to pay for his enrollment in a private school with no non-disabled peers, but the ALJ determined that this would be contrary to the provision of Washington law requiring that S.J. be placed in the least restrictive environment. S.J. does not challenge the ALJ’s interpretation of the law or the fact that the private school was a restrictive educational setting. For these reasons, we agree with the ALJ that the March 2004 IEP provided S.J. with a FAPE.
Ill
S.J. also objects to the district court only awarding him limited attorney’s fees. The district court’s attorney’s fee award is reviewed for abuse of discretion. Tutor-Saliba Corp. v. City of Hailey, 452 F.3d 1055, 1059 (9th Cir.2006) (citing Richard S. v. Dep’t of Developmental Servs., 317 F.3d 1080, 1085 (9th Cir.2003)). “Elements of legal analysis and statutory interpretation that figure into the district court’s attorney’s fees decision are reviewed de novo,” and “[fjactual findings supporting the decision are reviewed for clear error.” Id. at 1059-60.
S.J. first argues that the district court erred in concluding that the District’s settlement offer was better than the result of the litigation because the offer was contingent upon him transitioning to the District’s program. This argument fails because the March 2004 IEP has been found to constitute a FAPE. S.J. was free to decline his FAPE, but the District cannot be faulted for offering a settlement that is in accord with an adequate FAPE.
S.J.’s second argument is that he is a “prevailing party” and entitled to attorney’s fees because he did succeed in ob- *428 tabling an award of attorney’s fees for some of the proceedings before the ALJ. S.J. also asserts that he is entitled to attorney’s fees because he prevailed on his first appeal to this court in having the district court’s dismissal of his action vacated. It is true that S.J. prevailed on his prior appeal and succeeded in obtaining an award of attorney’s fees for the proceedings before the ALJ prior to the District’s settlement offer. However, the record also supports the district court’s determination that S.J. did not prevail on any of his substantive claims in this action. Thus, although the district court might have awarded additional attorney’s fees to S.J., we do not find the failure to do so to be an abuse of discretion.[5]
The district court’s orders denying S.J. relief on his challenges to the District’s IEPs and granting S.J. only partial attorney’s fees are AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth circuit Rule 36-3.

. Because the parties are familiar with the facts and procedural history, we do not restate them except as necessary to explain our disposition.

. In his reply brief, S.J. urges us to consider whether the underlying "basic floor of opportunity” standard set forth by the Supreme Court in Board of Education v. Rowley, 458 U.S. 176, 200, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982), was changed by Congress when it adopted the 1997 IDEA. We decline to consider this legal argument as it was not raised before the ALJ or the district court. See Gieg v. DDR, Inc., 407 F.3d 1038, 1046 n. 10 (9th Cir.2005). ("An appellate court will not consider arguments not first raised before the district court unless there are exceptional circumstances.”); see also Singleton v. Wulff, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) (“It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.”). Furthermore, we do not think that the proposed higher standard would change our determinations on the issues raised in this appeal.

. The federal statute and regulation cited by S.J., 20 U.S.C. § 1412(a)(25)(A) and 34 C.F.R. § 300.174, did not exist in 2002, thus giving rise to an inference that there was no applicable federal restriction. Moreover, the statute and regulation concern a “prescription for a substance covered by the Controlled Substances Act (21 U.S.C. § 801 et seq.)," and *427 S.J. has not shown that his prescription was covered by that act.

. The one case cited by S.J., Valerie J. v. Derry Co-op. Sch. Dist., 771 F.Supp. 483, 490 (D.N.H.1991), is inapposite because, there, the parents objected to the school administration of medication whereas, here, the parents agreed that the school should administer the medication and, in fact, facilitated its administration.

. Indeed, S J.'s failure to prevail on any of the substantive claims in his action raises questions as to whether he is really a prevailing party. In Barrios v. California Interscholastic Federation, 277 F.3d 1128, 1134 (9th Cir.2002), we explained:
“[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant’s behavior in a way that directly benefits the plaintiff.” The [Supreme] Court explained that “a material alteration of the legal relationship occurs [when] the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant.” [Farrar v. Hobby, 506 U.S. 103, 112-13, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).] In these situations, the legal relationship is altered because the plaintiff can force the defendant to do something he otherwise would not have to do.
Here, S.J.’s judicial action arguably did not result in S.J. being able to force the District to do something it otherwise would not have done.